IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EMILY GRAHN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL NO. 2:16-CV-00476 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

The Court is in receipt of Petitioner's November 7, 2016, Application to Proceed In Forma Pauperis, Dkt. No. 2; the November 9, 2016, Memorandum and Recommendation ("M&R") of the Magistrate Judge to whom this case was referred, Dkt. No. 6; Respondent's May 5, 2017, motion for summary judgment, Dkt. No. 15; the July 28, 2017, M&R, Dkt. No. 21; and Petitioner's August 10, 2017, objection to the M&R, Dkt. No. 23. The Court considers each M&R and their associated application, motion, or objection.

### I.  November 9, 2016, M&R

The Court need not adopt the November 9, 2016, M&R, which recommended that the Court deny Petitioner's application. Dkt. No. 6. Petitioner's application to proceed *in forma pauperis* is moot; Petitioner paid the requisite filing fee. *See* Dkt. No. 7.

### II.  July 28, 2017, M&R

The Court adopts the July 28, 2017, M&R in all respects except its recommendation that the Court dismiss with prejudice this action. Dkt. No. 21.

The M&R concludes that Petitioner is entitled to equitable tolling if she can show that (1) "rare and exceptional circumstances" prevented her from asserting her rights and (2) she diligently pursued her rights. Dkt. No. 21 at 7–8 (citations omitted). The M&R finds that Petitioner's allegations that she suffered from mental illness are insufficient to establish "rare and exceptional circumstances." *Id.*

Further, the M&R finds that Petitioner has not shown that she pursued her rights diligently.

Attached to Petitioner's objection are letters and other documents that Petitioner claims show that she diligently pursued her rights.[1] Dkt. No. 23 at 7–17. First, while these documents could have supported Petitioner's response to Respondent's motion for summary judgment, they are improperly proffered in her objection and the Court may not rely on them. *See generally* Dkt. No. 23. Second, the documents do not speak to Petitioner's alleged mental illness. *Id.* Thus, even if the Court could rely on the documents and they establish that Petitioner diligently pursued her rights, they do not establish that Petitioner is entitled to equitable tolling. For these reasons, the Court **OVERRULES** Petitioner's objection. Dkt. No. 23. Nonetheless, Petitioner might be able to show in a future action that she is entitled to equitable tolling. In other words, the Court lacks the information necessary to permanently foreclose the issue of equitable tolling.

After independently reviewing the record and considering the applicable law, the Court adopts the proposed M&R in all respects except its recommendation that the Court dismiss with prejudice this action. Dkt. No. 21.

The Court hereby:

- **GRANTS** Respondent's motion for summary judgment, Dkt. No. 15;
- **DISMISSES WITHOUT PREJUDICE** Petitioner's action; and
- **DENIES** Petitioner a Certificate of Appealability.

The Court will order entry of final judgment separately.

SIGNED this 5th day of March, 2018.

Hilda Tagle
Senior United States District Judge

---

[1] The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1).